### Baldwin *against* Stebbins.

**JUDGE** *Saffold* delivered the opinion of the Court.

This was an action of assumpsit on an endorsed promissory Note, signed " *Sarah Baldwin,* executrix of *William Baldwin* deceased, by her agent *F. H. Gaines.*" The Writ issued in the name of *James W. Peters* and *Russel Stebbins,* trading under the firm of *Peters* and *Stebbins* (the endorsers) against *Sarah Baldwin* as the maker of the note. The endorsement of the Writ set out a copy of the note signed as above mentioned. The declaration commences, " *Russel Stebbins,* who hath survived *James W. Peters* who in the lifetime of the said *James* were merchants trading under the firm of *Peters* and *Stebbins,* complains of *Sarah Baldwin* in custody," &c. In that part of the declaration which alleges the subscription to the note, it reads " the own proper hand of her the said defendant being thereunto subscribed." The declaration concludes, " to the damage of the plaintiff five hundred dollars." A trial was had on the general issue.

The entry of the verdict and judgment is, " We the Jury find for the plaintiff, and assess their damages at four hundred and seventy-two dollars and twenty-two cents. Therefore it is considered by the Court now here, that the said plaintiff do recover from the said defendant their damages aforesaid by the Jury in form aforesaid assessed, together with," &c. &c. It is now assigned as Error—

1st and 2nd, The Record does not shew that *Peters* died after the Writ was sued out, or between that time and the time of filing the declaration. The Writ in effect states that both partners were living when it issued. The declaration stating that *Stebbins* survived *Peters,* shews the death of *Peters* in the interval ; and the conclusion of the declaration refers to *Stebbins* as surviving partner.

3d, The Court below erred as stated in the bill of Exceptions.

By the bill of Exceptions it appears that the note given in evidence and excepted to was signed " *Sarah Baldwin,* " executrix of *William Baldwin* deceased, by her agent *F. H. Gaines.*"

It was competent for the plaintiff in the action to charge the defendant in her individual character, and to treat the words, " Executrix of *W. Baldwin* deceased," annexed to the signature, as an immaterial description of the person. As to the note having been signed by her agent, we incline to

---

1, Writing the name of two partners, declaration by one as surviving or is sufficient shewing of the death of the other.

2, Declaration in assumpsit vs. S. B. describes a promissory note with the proper hand of S. B. thereto subscribed; a note subscribed S. B. executrix of W. B. by her agent F. H. G. may be given in evidence.

3, Verdict and judgment for more than the principal and interest due on a promissory note, Appellate Court cannot correct it.

4, On general issue in assumpsit " We the Jury find for the plaintiff, and assess his damages at $——" is a sufficient entry of the verdict.

the opinion (under some difficulty in arriving at the conclusion) that the description as to its execution is sufficient. The law is clear that on a note thus executed the declaration may charge the defendant generally as the maker. The only difficulty is in determining on the effect of the words in the declaration, " the own proper hand of her the said defendant being thereunto subscribed." This statement is said to be unnecessary ; but if made when the fact is otherwise, it will be the ground of a nonsuit on trial. (Chy. Bills, 368, 369.) It is, however, the practice of this and other Courts under similar laws to refer to the Writ, and to the memorandum thereon, to sustain a judgment ; a reference which the English Courts had not the advantage of. Here a copy of the note shewing the manner and form of its signature was endorsed on the Writ. This, without doubt, afforded notice to the defendant of the evidence to be offered, and left no room for surprise ; and it is as clear that the Record, in this respect, shewed enough to render a judgment in this case a bar to a second recovery. Our Statute provides that in any suit " founded on writing," &c. " the Court " before whom the same is depending shall receive such " writing as evidence of the debt or duty," &c. " And it " shall not be lawful for the defendant to deny the execution " thereof, unless it be by plea supported by affidavit of the " party." (Laws Ala. 462.) The Statute dispenses with proof of the execution of such instruments, and constitutes them evidence of the debt or duty until denied in the manner mentioned. The statement, that the own proper hand of the defendant was subscribed to the note, was unnecessary ; and looking to the endorsement on the Writ, and considering the effect of the Statute referred to, we think it ought to be treated as surplusage or an immaterial averment.

4th Assignment—The verdict and judgment were for a sum exceeding the aggregate amount of the sum specified in the note and the interest which had accrued thereon.

It is urged that a correct calculation of the interest will shew that the damages assessed exceed the principal and interest by fifty dollars. The Jury determined this matter on the evidence ; it was their peculiar province to assess the damages : even the Court below could have had no control over this matter, unless by awarding a new trial. This Court is incompetent to set aside a verdict for the insufficiency of the evidence. This was not a judgment by default, *nil dicit, non sum informatus,* or on demurrer, where the amount for which judgment is to be rendered is ascertained by the Court under the special authority of

Baldwin
v.
Stebbins.

the Statute. (Laws Ala. 465.) This Statute does not extend to cases where a verdict has been rendered.

5th, 6th, and 7th assignments—The verdict does not respond to the issue—the Record does not shew why damages were awarded to the plaintiff—the judgment is for no determinate amount.

The verdict as entered negatives the plea of non-assumpsit, and in effect finds that the defendant did assume in manner and form as the plaintiff alleged in his declaration, (as has been several times decided in this Court.) The assessment of damages cannot be referred to any thing but the charge in the declaration, which sounds entirely in damages. It was not necessary that the judgment should repeat the sum assessed as damages. It refers to the verdict, and the amount of damages adjudged is as certain as if it had been again expressed in the judgment.

Let the judgment be affirmed.

The Chief Justice not sitting.